Good morning, Your Honors. May it please the Court, I am Kimberly Greer of Morrison Forrester, counsel for Petitioner Maria CeBALLOS DE ZAVALA. Ms. CeBALLOS DE ZAVALA has lived in the United States as a legal permanent resident seven years ago. She is married to another legal permanent resident. Together they have four children, three born in the U.S., two who are here with her today. Ms. CeBALLOS DE ZAVALA has not engaged in criminal behavior and she has proved to be a hard-working, engaged member of her community. In spite of all this, however, she is in jeopardy of losing her legal permanent resident status and being removed from the U.S. based on the government's allegation that she's an alien smuggler. Right from the start, the removal proceeding was filled with regulatory violations, constitutional violations, and the government failed to prove by clear, unequivocal, and convincing evidence that she engaged in alien smuggling as they must. JUSTICE KENNEDY Is there any real dispute about that? MS. CEBALLOS DE ZAVALA Yes, there is a dispute about that. JUSTICE KENNEDY Even your brief reciting the facts seems to acknowledge that she brought somebody in using her daughter's birth certificate that wasn't her daughter. MS. CEBALLOS DE ZAVALA That is correct. However, to prove alien smuggling for removal purposes, the government must show that she knowingly assisted, abetted, brought someone in. JUSTICE KENNEDY You didn't know that girl wasn't her daughter? MS. CEBALLOS DE ZAVALA The evidence doesn't show that she knew that. JUSTICE KENNEDY But let's be realistic. I mean, if you're using your daughter's birth certificate, and the person isn't your daughter, how can you escape the inference? And how should we pretend that the immigration judge has to escape the inference that she knew it wasn't her daughter and knew what she was doing? MS. CEBALLOS DE ZAVALA I mean, there are many potential other explanations. JUSTICE KENNEDY None of which she offered. She had an opportunity to offer them, none of which she offered. So what other inference is possible? MS. CEBALLOS DE ZAVALA She actually didn't have an opportunity to offer that, and that's one of the arguments that we have in this case. The immigration judge first heard testimony on the motion to suppress, and Ms. Ceballos de Zavala's prior attorney called the immigration officer Montez and took her testimony. And then Ms. Ceballos de Zavala's prior attorney said, I'd now like to bring my client up to give testimony on this. JUSTICE KENNEDY But that isn't the testimony she would have given on the motion to suppress. She did have an opportunity to testify on the merits, and she didn't give another explanation. MS. CEBALLOS DE ZAVALA She actually did not have an opportunity to testify on either, because after the immigration judge said, I don't need to hear from her on the motion to suppress, he also said, and in light of what I've heard from Officer Montez, I'm going to find that she is removable. So Ms. Ceballos de Zavala never had an opportunity to present to the immigration judge her side of the story. Whatever her side of the story may be, she didn't have the opportunity to present it, and that's a clear violation. JUSTICE KENNEDY But can you tell me now, would she have testified that she didn't know that this girl was not her daughter? MS. CEBALLOS DE ZAVALA I don't believe that she would have testified thus. However, you have to also look at the regulatory violations that the officers engaged in, in... JUSTICE KENNEDY I mean, in a sense, she was sort of coerced into saying, you know, you know, yes, this is what I was doing. First of all, Officer... MS. CEBALLOS DE ZAVALA At the primary stop? MS. CEBALLOS DE ZAVALA At both stops. There was a regulatory violation at the primary stop because Officer Montez, who was supposed to be in secondary, was also, for whatever  JUSTICE KENNEDY Well, so what? I mean, that has nothing to do with what she said. MS. CEBALLOS DE ZAVALA And as I read, at least, the immigration judge said, look, the beans were all spilled by the time she got to secondary. I mean, that's the end of that, and it was corroborated by her niece. MS. KENNEDY The only statement that my client made during primary was that the minor was not her daughter. JUSTICE KENNEDY Jan, so what else is necessary in order to... it's the end of it. MS. CEBALLOS DE ZAVALA Well, there could have been numerous explanations that were not brought out because Ms. Ceballos de Zavala was not allowed to testify. JUSTICE KENNEDY But what explanation would you imagine? She's not my daughter, but what? MS. CEBALLOS DE ZAVALA Perhaps... JUSTICE KENNEDY I thought I would bring her in anyway. MS. CEBALLOS DE ZAVALA Perhaps she believed that the minor was able to come over the border legally, but... JUSTICE KENNEDY She wouldn't have used her daughter's birth certificate. JUSTICE KENNEDY She wouldn't have had to use a full birth certificate, would she? MS. CEBALLOS DE ZAVALA Perhaps the minor didn't have other identification on her, and so she thought that was the best way to go about it. Obviously a mistake. JUSTICE KENNEDY Any other argument? You've got about four minutes left. I mean, is there anything else you'd like to tell us? MS. CEBALLOS DE ZAVALA Well, does the Court have any questions on its jurisdiction? Because I know that the Court raised that. I just briefly will say that, you know, if this Court does have jurisdiction under O, under the Tenth Circuit's reasoning in Huerta, there's also an ineffective assistance of counsel claim here. And it's clear on the face of the record that Ms. Ceballos de Zavala's prior attorney missed the filing date. If this Court finds that it, you know, doesn't have jurisdiction, then we submit that the proper remedy is to have the immigration judge reissue to have a new 30-day time period for filing the appeal. JUSTICE KENNEDY Has any motion been made to the BIA to reopen? MS. CEBALLOS DE ZAVALA No, we're beyond the time limit to file a motion to reopen, as I understand it. JUSTICE KENNEDY Has any motion been made to reopen with the BIA? MS. CEBALLOS DE ZAVALA No, I have not. That is certainly something that we could do. This is a, as you know, this is a relatively new issue. The government never objected to the, to the appeal as late, and it wasn't until this Court issued its order that we, we knew of that. I would just like to say that, you know, perhaps there was a mistake made. It's still the government's burden to, to prove the alien smuggling, because the proceeding was filled with so many violations, regulatory violations of 273, 278.3, and, and filled with, with constitutional violations, with Ms. Ceballos De Zavala not being allowed to tell her side of the story, whatever that may be. This, this proceeding really, really needs to be reversed. And I'll ---- JUSTICE SCALIA Let me ask you one question about your equal protection argument. MS. CEBALLOS DE ZAVALA Certainly. JUSTICE SCALIA You argue that there's an equal protection violation because LPRs are treated differently from non-LPRs. MS. CEBALLOS DE ZAVALA Correct. JUSTICE SCALIA If she were a non-LPR, she could not get relief, assuming for the moment she is an alien smuggler, could she? MS. CEBALLOS DE ZAVALA That is correct. The argument, the equal ---- JUSTICE SCALIA Whether she's an LPR or a non-LPR, treated as one would make no difference, would it? MS. CEBALLOS DE ZAVALA Practically, it wouldn't. My argument on the equal protection was that she didn't even get to that stage of, of being able to consider the other factors for, for cancellation of removal. And I'd like to ---- JUSTICE SCALIA But it wouldn't be as if nothing would matter, would it? If you said, okay, I want you to, to treat LPRs like non-LPRs, she loses. MS. CEBALLOS DE ZAVALA Practically, that would, practically that would be the effect. However, I believe, we believe the equal protection violation occurs right from the start because she doesn't even, you know, get the opportunity to, to consider whether those other factors apply or make the arguments as to whether those other factors apply. JUSTICE SCALIA There are no factors to make. If she's, if she's, if she's a, if she is an alien smuggler, who cares about the other factors? MS. CEBALLOS DE ZAVALA The argument being that she should have at least the opportunity to address those other factors. JUSTICE SCALIA Well, I understand your argument, but what does it make? If you need A, B, C, and D, and you just absolutely can't meet D, what's the, what's the advantage of the purpose of addressing the other factors? Aren't they moot? MS. CEBALLOS DE ZAVALA They aren't moot if you're never given the opportunity to address them. But I certainly understand your point and would like to save the small amount of time left for rebuttal. Thank you. JUSTICE SCALIA Okay. Thank you. Ms. Greer. Ms. Pazner. JENNIFER PAZNER May it please the Court, my name is Jennifer Pazner on behalf of the Respondent, Alberto Gonzalez. There are a number of issues in this case relating to the Court's jurisdiction over the petition for review in its entirety and its jurisdiction relating to the various issues raised by Petitioner in her opening brief. KAGAN Let me ask you something. Why should we worry a great deal about jurisdiction since the government didn't? MS. PAZNER Under this Court's precedential decision in D'Cruz, it's required to raise the issue of jurisdiction sua sponte. This Court held in D'Cruz that even though neither party had raised the issue of jurisdiction, because the time limited to file an appeal to the Board is mandatory and jurisdictional, the Court raised it sua sponte. JUSTICE KENNEDY At least according to the Tenth Circuit, the Supreme Court's decision in Eberhard cast a shadow on D'Cruz. So if there's an issue that has to be dealt with there, I guess I again ask Judge Reimers' question, if that might be hard, why do we deal with it if the government hasn't dealt with it so far? MS. PAZNER Well, the Court raised the issue sua sponte, asked us to file letter briefs. In our brief, we argued that under D'Cruz, the Court is required to dismiss the petition for lack of jurisdiction. JUSTICE KENNEDY I take it your main position is the one that you've argued in your brief, that getting to the merits of the petition, the petition should be denied. MS. PAZNER It should. And that raises a whole sort of a separate side of the failure to exhaust requirement. It's undisputed that when Ms. Tobias de Zavia came in during primary inspection, she admitted that she was bringing her niece in on her daughter's birth certificate. There's been no claim ever, including in Petitioner's opening brief, that the statements made during primary should be suppressed. There's no requirement to give these Miranda warnings during primary inspection. And the record clearly indicates that during the hearing before the immigration judge and on appeal to the during secondary inspection. JUSTICE KENNEDY So that's not even a merits question itself. It's really a jurisdiction question again, right? MS. PAZNER With respect to all of the arguments raised in her opening brief regarding the presence of the officer at the first inspection and whether the immigration judge should have allowed Ms. Tobias de Zavia to testify, I briefly note that he did give her the opportunity to testify. He noted that based on her statements made during primary inspection, he would find that she was an alien smuggler. But he gave her the opportunity to testify. And her attorney, she was represented by an attorney all the way through these proceedings. Her attorney made the decision not to have her testify at that point. So it was her attorney's decision on appeal to the board, which again was prepared by an attorney. And there's been no claim of ineffective assistance of counsel in this case. The only claim was that the statements made during secondary should have been suppressed. So all the way through, that leaves her clear statement during primary inspection that she was bringing her niece in on her daughter's birth certificate, which the immigration judge found was sufficient to sustain the government's burden of proving by clear and convincing evidence alien smuggling. And again, to the extent she attempts to challenge that determination now, she can't, because she didn't challenge it before the board. And Counsel, let me ask another question. In her notice to the board, she states that denial of equal protection is her ground. In her brief to the board, she doesn't raise that. But that doesn't matter, does it? Because she doesn't have to raise equal protection to the board, period. She doesn't. Our position is that that's the only constitutional issue she doesn't have to raise, because that's a claim that the board couldn't have addressed by remanding to the immigration judge for a new hearing. The claim that there's an equal protection violation fails for a number of reasons. In the first place, this court has held that the distinctions between LPRs and non-LPRs are rational. In any event, even assuming there was some sort of violation, she can't prove prejudice. But she didn't have to raise that issue. All the other claims of due process violations were procedural, which doesn't mean that they weren't important. It means they could have been corrected by remanding to the immigration judge for a new hearing. So the only issue that was properly preserved over which this court could retain jurisdiction was this claim of a violation of the DHS regulations during secondary inspection by not giving the warnings. As previously discussed, however, that alternate finding that the statements made during primary were sufficient to sustain the government's burden of proof. That finding has never been challenged. There's no claim that those statements need to be suppressed under, I believe, the regulation is 287.3. And so there's really no issue over which this court retains jurisdiction for it to address. If the Court has no further questions over ---- I don't think so. Thank you. Thank you. Thank you for your argument. And may I especially, on behalf of the Court, thank Ms. Greer and Morrison-Forrester for your willingness to participate in the pro bono program. It's an important service that the Court appreciates. That said, I think you were out of time. She has a few seconds left. She has about 30 seconds left. I'm sorry. I beg your pardon. I saw the 10-minute thing flash up. Sorry. Thank you. I'd just like to clarify that the motion to suppress was to suppress the Form G-170, which had both the primary and secondary statements. So the motion to suppress was as to both the primary and secondary statements. And the government referenced the fact that Ms. Sebastiaz-Lavalle is represented by attorney. As she's proved in blowing the deadline, attorneys don't always mean things are done directly. And the fact that the judge, the immigration judge specifically said, it's not going to matter if I hear from your client, was really the deciding factor in not hearing from Ms. Sebastiaz-Lavalle. Thank you. Thank you very much, counsel. Both of you, the matter just argued will be submitted. We will next hear argument in.
judges: Fernandez, Rymer, Clifton